UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　Plaintiff, )<br> )<br>　　　v. )<br> )<br>SIXTEEN THOUSAND FIVE HUNDRED )<br>FIFTY TWO ($16,552) DOLLARS IN )<br>UNITED STATES CURRENCY )<br>　　　Defendant. ) | CIVIL ACTION NO. 2:07cv514-WKW<br><br>August 1, 2007 |

### ANSWER TO VERIFIED COMPLAINT
### FOR FORFEITURE IN REM

　　Comes now the Claimant, Gerderrick Moncrief (hereinafter Mr. Moncrief), by and through undersigned counsel, and pursuant to 18 U.S.C. §983(a)(4)(A) and Supplemental Rule G(5), presents as his Answer to Plaintiff United States of America's Verified Complaint for Forfeiture in Rem, the following:

　　1.　　Mr. Moncrief admits to the type of action and the amount seized, but denies the currency was seized for any violation of Title II of the Controlled Substances Act.

　　2.　　Mr. Moncrief admits this court has in rem jurisdiction over this matter.

　　3.　　Mr. Moncrief admits venue is proper in the middle district of Alabama, but denies that any acts or omissions were committed giving rise to any forfeiture in this matter.

　　4.　　Mr. Moncrief admits that the amount seized on December 15, 2006, was $16,552.

　　5.　　a.　　Mr. Moncrief is without sufficient information to confirm or deny the allegation of para. 5a.

　　　　　b.　　Mr. Moncrief is without sufficient information to confirm or deny what Gerard Burdette told Montgomery Police Officer; however, he asserts that

        Arderreyus Shelton was not even present at 617 Charles Street or 2501 Highland Avenue at the time of the alleged shooting of Gerard Burdette. Mr. Moncrief denies that there was an odor of marijuana in the residence.

c.     Mr. Moncrief is without sufficient information to admit or deny whether police gave a lookout or whether they located Shelton's truck on Taylor Road. He is aware police went to Mr. Shelton's home at 1268 Autumn Ridge Road and that they made a forcible entry by kicking in the door. Mr. Moncrief admits he, Mr. Wafeyette Bostick and Arderreyus Shelton were at Shelton's house when police arrived and forcibly entered the residence. Claimant denies there was a strong odor of marijuana in Shelton's residence. Mr. Moncrief is without sufficient information to admit or deny what police saw when they cleared the residence. To the best of Mr. Moncrief's knowledge, police had no search warrant when they entered and searched Shelton's residence.

d.     Mr. Moncrief is without sufficient information to admit or deny whether police received a call from a confidential source or what said source stated to police. Further, he denies that he robbed Mr. Burdette. Mr. Moncrief is without sufficient information to admit or deny whether the confidential source provided reliable information to police.

e.     Mr. Moncrief is without sufficient information to admit or deny whether officers had a warrant to search his 748 Ryefield Court home. Mr. Moncrief was not at his residence when officers entered and searched his home.

f. Mr. Moncrief admits police found and seized $16,552 at his 748 Ryefield Court home.

g. Mr. Moncrief is without sufficient information to admit or deny whether police found the stated amounts of currency, personal property and paper documents at Mr. Shelton's 1268 Autumn Ridge Road address.

h. Mr. Moncrief is without sufficient information to admit or deny what a confidential source stated; however, Mr. Moncrief denies he was ever supplied with large quantities of cocaine and Mr. Moncrief also denies that he ever sold cocaine to anyone.

i. Mr. Moncrief admits that he, Mr. Bostick and Mr. Shelton were arrested for trafficking in cocaine, but he denies he ever engaged in any such trafficking activities.

j. Mr. Moncrief denies that he was arrested for Possession of Marijuana 2nd and 1st in the past, but not in connection with the December 15, 2006 arrest. Further, he denies he was ever arrested on charges of assault 3rd or Possession Drug Paraphernalia.

k. Mr. Moncrief admits that he filed a claim asserting ownership with the Forfeiture Counsel on or about March 1, 2007, and then amended said claim on or about March 13, 2007.

l. Denied. Mr. Moncrief asserts the money seized constituted gross assets from his legitimate business, a tire and rim shop known as Step Yo Game Up, 2501 Highland Avenue, Montgomery, Alabama.

## CLAIM FOR RELIEF

6.       Mr. Moncrief repeats and realleges each and every response set forth in Paragraphs 1 through 5(l) above and further states the following:

7.       Mr. Moncrief denies the allegations of Paragraph 7 and demands strict proof thereof. The defendant currency was from gross assets from his legitimate business, a tire and rim shop, known as Step Yo Game Up, 2501 Highland Avenue, Montgomery, Alabama.

8.       Mr. Moncrief denies the allegations of Paragraph 8 and demands strict proof thereof. The defendant currency is not subject to forfeiture and should be immediately returned to Mr. Moncrief.

WHEREFORE, Claimant Moncrief requests this Court to deny the United States Complaint for Forfeiture in Rem and Order that the defendant $16,552.00 in United States currency be immediately returned to him and his business. He also asks this court to award the costs and expenses, including attorney fees, which he has incurred in pursuing this action.

Respectfully submitted, this the 1st day of August, 2007.

/s/ Joseph C. Guillot
Joseph C. Guillot (GUI011)
OF COUNSEL:
**McPHILLIPS SHINBAUM, L.L.P.**
P. O. Box 64
Montgomery, AL  36101
Telephone – (334) 262-1911
Facsimile – (334) 263-2321

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing Answer via the Court's electronic filing system and U.S. Mail, postage prepaid and properly addressed, upon the following counsel for the United States:

John T. Harmon, Esq.
Assistant United States Attorney
201 One Court Square (36104)
P.O. Box 197
Montgomery Alabama 36101-0197

  This the 1st day of August, 2007.

                   /s/ Joseph C. Guillot
                   Of Counsel